**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:19-cv-24397-GAYLES/OTAZO-REYES**

**MICHAEL JORDAN, individually and
on behalf of others similarly situated,**

     Plaintiff,

v.

**GBUTTER LLC, a Florida limited liability
company, and GSWEAT LLC, a Florida
limited liability company,**

     Defendants.

_____/

**ORDER**

     **THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss and/or to Strike Class Allegations (the "Motion") [ECF No. 37]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, Defendants' Motion is denied.

     On October 24, 2019, Plaintiff filed a consumer fraud class action lawsuit against Defendants. [ECF No. 1]. Plaintiff amended its Complaint on June 29, 2020. [ECF No. 22]. On August 27, 2020, Defendants moved to strike under Federal Rule of Civil Procedure 12(f), and ultimately dismiss, Plaintiff's class allegations on the basis that the allegations do not comport with the requirements of Federal Rule of Civil Procedure 23 pertaining to class certification. [ECF No. 37].

     Upon review of the Complaint, the Court finds that Plaintiff's class allegations are sufficient to survive a motion to dismiss. The arguments regarding class certification are more

properly raised at the class certification stage. At this stage in the proceedings, Plaintiff has not had the benefit of discovery and not yet filed a motion to certify the class.

> While it is sometimes possible to decide the propriety of class certification from the face of the complaint, the Supreme Court has emphasized that class certification is an evidentiary issue, and it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question. In fact, the determination usually should be predicated on more information than the complaint itself affords. . . . After all, class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.

*Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) (internal quotations and citations omitted).

Because an evidentiary record has not yet been developed, the Court cannot determine whether class certification is appropriate under Federal Rule of Civil Procedure 23. Therefore, the issue is whether striking Plaintiff's class allegations is appropriate under Rule 12(f). Pursuant to Rule 12(f), a court may strike from the pleadings any matter that is "redundant, immaterial, impertinent, or scandalous." Defendants have not established that Plaintiff's class allegations are "redundant, immaterial, impertinent, or scandalous."

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss and/or to Strike Class Allegations, [ECF No. 37], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE